IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS MEDINA-MORALES,<br><br>**Petitioner,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent.** | **CIVIL NO. 20-1471 (RAM)** |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Petitioner Carlos Medina-Morales's ("Medina" or "Petitioner") *Motion to Correct or Vacate Sentence Under 28 U.S.C. § 2255* (the "*Motion*"). (Civil Case No. 20-1471, Docket No. 1). The Court **DENIES** the *Motion* as untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Petitioner was convicted for violating the Puerto Rico Domestic Violence Law and sentenced to probation with electronic monitoring. (Criminal Case No. 14-277, Docket No. 1439 at 24). In 2012, he was arrested for violating probation and was sentenced to three years and one day in state prison. Id. at 24-25. In 2014, he was indicted in federal court for his participation in a drug trafficking organization. (Criminal Case No. 14-277, Docket No. 3). At the time of his federal arrest, Medina was still serving his state sentence, which was ultimately discharged on

Case 3:14-cr-00277-RAM   Document 1939   Filed 05/12/22   Page 2 of 11
Case 3:20-cv-01471-RAM   Document 21   Filed 05/12/22   Page 2 of 11
Civil No. 20-1471 (RAM)                                              2

February 21, 2015. (Civil Case No. 20-1471, Docket No. 1 at 6).

On March 5, 2018, Medina pleaded guilty to counts one and five of his federal indictment, which charged him with "Conspiracy to Possess with Intent to Distribute Controlled Substances" and "Using and Carrying Firearms During and in Relation to a Drug Trafficking Crime," respectively. (Criminal Case No. 14-277, Docket No. 1415). In the plea agreement, the parties agreed to jointly recommend an aggregate sentence of 144 months, which included eighty-four months for count one consecutive to sixty months for count five. Id. There was no stipulation regarding the state sentence in the plea agreement. Id.

At the October 26, 2018 sentencing hearing before the Honorable Carmen C. Cerezo, United States District Judge, Medina was present and assisted by a certified court interpreter. (Criminal Case No. 14-277, Docket No. 1696 at 2). The Court accepted the plea agreement and sentenced Medina to eighty-four months for count one consecutive to sixty months for count five. Id. at 11. At the end of the hearing, the probation officer requested clarification as to whether the federal sentence would be consecutive or concurrent to Petitioner's 2011 state case. Id. at 16-17. The Court stated that "the sentence imposed in this case is concurrent to those imposed by the state court." Id. at 17. The written Judgment then stated that Medina would be imprisoned for: "Eighty-four (84) months as to Count One and sixty (60) months as

Case 3:14-cr-00277-RAM   Document 1939   Filed 05/12/22   Page 3 of 11
Case 3:20-cv-01471-RAM   Document 21   Filed 05/12/22   Page 3 of 11
Civil No. 20-1471 (RAM)                                              3

to Count Five, to be served consecutively to each other for a total imprisonment term of one hundred and forty-four (144) months, said sentence is to be served concurrently to state Cr. Nos. FLE2011G076, FLE2011G077 and FLE2011G078." (Criminal Case No. 14-277, Docket No. 1534).

In May 2019, the Bureau of Prisons certified a sentence computation, which did not include any jail time credit for Medina's incarceration before February 22, 2015. (Civil Case No. 20-1471, Docket No. 1 at 8). Sometime between May and July 2019, Medina received a copy of this sentencing computation and realized this alleged error in the calculation. Id. Medina then sent multiple letters to the Court requesting a transcript of his sentencing hearing to confirm whether a mistake was made. Id. at 8-9. However, he was told that, pursuant to this Court's Amended Standing Order No. 20-61 (GAG), he could not receive a transcript unless the motion was presented by an attorney. Id. at 9. Medina's attorney failed to respond to his requests for assistance in obtaining a transcript. Id. at 11. On July 16, 2020, this Court appointed the Federal Public Defender for the District of Puerto Rico to represent Petitioner. (Criminal Case No. 14-277, Docket No. 1689). Thereafter, on August 7, 2020, this Court granted Petitioner's request for a transcript. (Criminal Case No. 14-277, Docket No. 1692).

On September 14, 2020, Petitioner filed the pending *Motion*,

Case 3:14-cr-00277-RAM   Document 1939   Filed 05/12/22   Page 4 of 11
Case 3:20-cv-01471-RAM   Document 21   Filed 05/12/22   Page 4 of 11
Civil No. 20-1471 (RAM)                                              4

alleging the Court's written Judgment conflicts with its oral sentence in violation of the Fifth and Sixth Amendments to the Constitution of the United States. (Civil Case No. 20-1471, Docket No. 1).

## II.   APPLICABLE LAW

28 U.S.C. § 2255 ("Section 2255") provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Section 2255 also establishes a **one-year period** to file a motion requesting relief pursuant to the statute. *See* 28 U.S.C. § 2255(f). This filing period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Case 3:14-cr-00277-RAM   Document 1939   Filed 05/12/22   Page 5 of 11
Case 3:20-cv-01471-RAM   Document 21   Filed 05/12/22   Page 5 of 11
Civil No. 20-1471 (RAM)                                              5

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

### III. DISCUSSION

Petitioner does not dispute that he filed the *Motion* over a year after judgment became final. (Civil Case No. 20-1471, Docket No. 1 at 26). However, he argues the *Motion* is timely for four reasons: (1) he did not have the facts supporting his claim until August 2020; (2) the Court impeded a timely filing by failing to give him a transcript of his sentencing proceedings; (3) the doctrine of equitable tolling applies; and (4) alternatively, the Court should consider Medina's first *pro se* filing as a Section 2255 motion. Id. at 25-30. Each of Petitioner's contentions is addressed in turn below.

**A. Petitioner had the facts supporting his claim by July 2019**

As noted above, 28 U.S.C. § 2255(f)(4) tolls the statute of limitations for a Section 2255 claim until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The sentencing transcript in this case makes clear that Petitioner was present in the courtroom at his sentencing hearing and was assisted by a certified court interpreter. (Criminal Case No. 14-0227, Docket No. 1696 at 2). Further, Petitioner admits he received a copy of his sentencing computation

Case 3:14-cr-00277-RAM   Document 1939   Filed 05/12/22   Page 6 of 11
Case 3:20-cv-01471-RAM   Document 21   Filed 05/12/22   Page 6 of 11
Civil No. 20-1471 (RAM)                                              6

sometime between May and July 2019 and at that point "determined his Puerto Rico jailtime was not credited." (Civil Case No. 20-1471, Docket No. 1 at 27). Therefore, by July 2019, he had all the facts necessary to file this Section 2255 motion. Instead, he waited until September 14, 2020, over a year after he purportedly knew about the computation error, to file the pending *Motion*. **Therefore, Section 2255(f)(4) does not save his untimely claim.** *See* Perez-Mercado v. United States, 2021 WL 666863, at *3 (D.P.R. 2021) ("For the purposes of § 2255(f)(4), time begins when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance." (internal quotation marks and citation omitted)).

In response, Petitioner asserts he did not receive the necessary "proof" to file his Section 2255 motion until August 2020, when he obtained his sentencing hearing transcript. (Civil Case No. 20-1471, Docket No. 1 at 27). However, Petitioner failed to explain how the sentencing transcript was necessary to file his Section 2255 motion considering that, as stated above, he was present at his sentencing hearing with the assistance of a certified interpreter and later received the sentencing computation. Simply put, Medina, "by virtue of his participation in the proceedings, should have been put on notice of possible bases for a section 2255 motion arising from the contents of those transcripts." United States v. Harris, 1999 WL 33117115, at *2 (D.

Case 3:14-cr-00277-RAM   Document 1939   Filed 05/12/22   Page 7 of 11
Case 3:20-cv-01471-RAM   Document 21   Filed 05/12/22   Page 7 of 11
Civil No. 20-1471 (RAM)                                             7

Me. 1999) (citing Andiarena v. United States, 967 F.2d 715, 718-19 (1st Cir. 1992)). This argument is therefore unavailing.

### B. The Court's delay in providing Petitioner with a transcript does not toll the statute of limitations

Petitioner also claims the Court's delay in providing him with a transcript constitutes an "impediment" to making his 2255 motion. Thus, Petitioner asserts his claim is timely pursuant to 28 U.S.C. § 2255(f)(2). (Civil Case No. 20-1471, Docket No. 1 at 26-27). However, again, Petitioner fails to explain why the initial denials of his transcript requests constitute an impediment, as he simply did not need the transcript to file a Section 2255 motion. Other courts have found the same, holding that the "[d]enial of a request for a trial transcript does not constitute sufficient excuse to toll the statute of limitations" on a Section 2255 claim. Harris, 1999 WL 33117115, at *2 (citation omitted). Thus, the Court is unpersuaded by this argument.

### C. Petitioner is not entitled to equitable tolling

Petitioner further contends his claim should be saved by the doctrine of equitable tolling. (Civil Case No. 20-1471, Docket No. 1 at 27-29). As a general matter, "the one-year limitations period for filing a motion under section 2255 is non-jurisdictional and, thus, subject to equitable tolling." Dixon v. United States, 729 F. App'x 16, 19 (1st Cir. 2018) (citation omitted). "A habeas petitioner bears the burden of establishing the basis for equitable

Case 3:14-cr-00277-RAM   Document 1939   Filed 05/12/22   Page 8 of 11
Case 3:20-cv-01471-RAM   Document 21   Filed 05/12/22   Page 8 of 11
Civil No. 20-1471 (RAM)                                              8

tolling," which requires the petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (internal quotation marks and citation omitted).

The Court finds that Petitioner failed to establish the requisite "extraordinary circumstance" that "prevented timely filing." Id. Medina largely argues the Court's delay in providing him a transcript coupled with his status as a *pro se* litigant warrant the application of the equitable tolling doctrine. (Civil Case No. 20-1471, Docket No. 1 at 29). However, it is well established that a court's delay in furnishing a petitioner with a transcript, which the petitioner does not even need to file his Section 2255 motion, does not justify equitable tolling. *See, e.g.*, Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002); *see also* Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750-51 (6th Cir. 2011) ("Standing alone, however, the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling.").

This conclusion holds despite a petitioner's lack of legal counsel at the time. The First Circuit has expressly stated that "[w]hile pro se pleadings are to be liberally construed, the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time. Donovan, 276 F.3d at 94. Other

Case 3:14-cr-00277-RAM   Document 1939   Filed 05/12/22   Page 9 of 11
Case 3:20-cv-01471-RAM   Document 21   Filed 05/12/22   Page 9 of 11
Civil No. 20-1471 (RAM)                                               9

Circuit Courts have reached the same conclusion. *See, e.g.*, United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) ("While [Petitioner] may have subjectively believed that he could not properly file a § 2255 motion without first reviewing his transcript, his unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling."). The Court sees no reason to deviate from this precedent. Therefore, equitable tolling is inapplicable to Petitioner's untimely claim.

### D. Petitioner's first *pro se* filing is not a proper Section 2255 motion

Finally, Petitioner asks the Court to construe his first *pro se* filing, a letter to the Court where he requested for the first time a copy of a transcript from his sentencing hearing, as a Section 2255 motion. (Civil Case No. 20-1471, Docket No. 1 at 29-30). In other words, he asserts the date of this letter should be treated as the original filing date of his Section 2255 motion. Id. However, the Court is unable to construe Petitioner's letter in such a way for two reasons.

First, as a general matter, courts across the country have held that motions requesting sentencing transcripts cannot be interpreted as Section 2255 motions for statute of limitations purposes, even under the liberal rules of construction applied to *pro se* filings. This because, as discussed at length above, sentencing transcripts are not necessary to file Section 2255

Case 3:14-cr-00277-RAM   Document 1939   Filed 05/12/22   Page 10 of 11
Case 3:20-cv-01471-RAM   Document 21   Filed 05/12/22   Page 10 of 11
Civil No. 20-1471 (RAM)                                              10

motions. *See, e.g.*, Brown v. United States, 2014 WL 2093748, at *2 (E.D. Tenn. 2014); Westover v. State of Montana, 2006 WL 2860592, at *4 (D. Mont. 2006).

Additionally, "[w]hile *pro se* pleadings must be read liberally, the Rules Governing Section 2255 Proceedings nonetheless require a motion to (1) specify all the grounds for relief available to the moving party; and (2) state the facts supporting each ground." Smoak v. United States, 12 F. Supp. 3d 254, 263–64 (D. Mass. 2014) (quoting Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b)(1) and (2)). A review of Petitioner's July 31, 2019 letter reveals that it falls far short of meeting these basic requirements. (Criminal Case No. 14-277, Docket No. 1603). Thus, the Court cannot construe that letter as a proper Section 2255 motion.

### IV.  CONCLUSION

For the foregoing reasons, Petitioner's *Motion* at Docket No. 1 is **DENIED** as untimely. For this reason, the Court need not address Petitioner's arguments on the merits. No certificate of appealability shall be issued as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure. Judgment of **DISMISSAL WITH PREJUDICE** shall

Case 3:14-cr-00277-RAM   Document 1939   Filed 05/12/22   Page 11 of 11
Case 3:20-cv-01471-RAM   Document 21   Filed 05/12/22   Page 11 of 11
Civil No. 20-1471 (RAM)                                              11

be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of May 2022.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge